# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                            Plaintiff,

    v.                                                  5:22-CV-474 (LEK/ATB)

JERRY AULT, et al.

                            Defendants.

ROBERT W. JOHNSON, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Robert Johnson. (Dkt. No. 1) ("Compl."). Plaintiff has also moved to proceed in forma pauperis. (Dkt. No. 2). Most recently, plaintiff filed a letter motion requesting default judgment and "federal judicial intervention" with respect to his complaint. (Dkt. No. 4).

**I.    IFP Application**

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

**II.   Complaint**

Plaintiff alleges that he was "charged with traffic violations" on November 17,

2021, "after alleged motor vehicle infractions that had no probable cause to be prosecuted by [defendant] Jerry Ault." (Compl. at CM/ECF p. 5). Plaintiff states that he was also charged with "petit larceny for alleged currency crimes," and that all allegations are "false and require WHISTLE-BLOWER interventions for all defendants." *Id.*

Plaintiff then states that the defendant Mansfield Municipal Court "falsified prosecutions" in the two aforementioned criminal matters, which are "frivolous and against all morals, codes, & ethics of the U.S. Constitution." (*Id* at CM/ECF p. 5, *see also* p. 7). Specifically, he contends that on March 1, 2022, the defendants "falsified court documents, warrants and judicial confirmations for [his] arrest[.]" (*Id.* at CM/ECF p. 2, *see also* p. 7).

Plaintiff contends that "all defendants are in continuation of state and federal government crimes," and that he "reserves all rights and remedies for justices and freedoms and punitive damages [sic]." (*Id.* at CM/ECF p. 7). With respect to damages, plaintiff seeks $100 million in punitive damages, and $100 million for "future pain and suffering." (*Id.* at CM/ECF p. 8). He further requests the court issue "probes and prosecutions against all liable parties[.]" (*Id.*).

### III.  Venue

#### A.  Legal Standards

The relevant venue provision for a Section 1983 action is 28 U.S.C. § 1391(b), which provides as follows:

> (b) A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of

>the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

**B.    Application**

Venue in this district is clearly improper. The defendants are listed as having Mansfield, Ohio addresses, which, as far as this court can determine, is also where the underlying arrests and prosecutions about which plaintiff complains took place. Mansfield, Ohio appears to be situated in the Northern District of Ohio. Accordingly, the court must determine whether this case should be dismissed, or transferred to the Northern District of Ohio in the interest of justice.

At the outset, transferring this action is clearly not in the interest of justice because plaintiff's claims are patently frivolous and would clearly be subject to dismissal under § 1915. Two of the named defendants, Jerry Ault and Frank Ardis Jr., appear to be presiding judges in the Mansfield Municipal Court.[1] Defendant Daniel F. Smith is listed as the Mansfield Municipal Court clerk.[2] It is well settled that, with

---

[1] *See* https://mansfieldcourts.com/judge-bios/

[2] *See* https://mansfieldcourts.com/contact/

4

minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004).  Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.  Here, the allegations against defendants Ault and Ardis Jr. concern acts taken in their judicial capacities, thus both defendants are entitled to absolute immunity.  Judicial immunity would also shield defendant Smith from plaintiff's § 1983 claims.

Plaintiff has also named the State of Ohio and the Mansfield Municipal Court as defendants.  As a general rule, the Eleventh Amendment bars suits against states by its own citizens or citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974);

5

*see also Rishar v. United States Government,* No. 1:14-CV-32, 2014 U.S. Dist. LEXIS 30350, at *3 (D.Vt. March 10, 2014) (dismissing all claims against the United States Government, Pennsylvania, Michigan, Ohio, Massachusetts, New York, New Jersey, Virginia, and Vermont).  The Eleventh Amendment further precludes suits for retrospective relief against "arms of the state," and the Sixth Circuit[3] has held that Ohio county and municipal courts are arms of the state and immune from suit under the Eleventh Amendment. *Ward v. City of Norwalk*, 640 Fed. Appx. 462 (6th Cir. 2016); *see also Chapman v. Mansfield Mun. Ct.,* No. 1:22-CV-15, 2022 WL 824142, at *1 (N.D. Ohio Mar. 18, 2022) (holding that Mansfield Municipal Court is entitled to sovereign immunity from plaintiff's damages suit). Accordingly, plaintiff's complaint fails to state a claim with respect to these defendants.

Even if the remaining defendants were not subject to immunity under any of the aforementioned grounds,[4] plaintiff's nonsensical allegations and conclusory claims of "falsified prosecutions" do not establish any cognizable cause of action against them. Fed. R. Civ. P. 8 requires a "'short and plain statement'" of a claim, showing that 'the pleader is entitled to relief.'" *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)).  Each statement must be "'simple, concise, and direct,' and must give 'fair notice of the claims asserted.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).  "A complaint may be dismissed under Rule 8

---

[3]The Sixth Circuit exercises appellate jurisdiction over the Northern District of Ohio.

[4]Although the court cannot determine the exact nature of defendants Holly Rippey and Judy Miller's connection to the allegations contained in the complaint, plaintiff represents that defendant Rippey shares the same address with the Mansfield Municipal Court.  (Compl. at CM/ECF p. 2). Defendant Miller's address is not identified in the complaint.


if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* Here, the allegations fall short of providing notice to the defendants of the specific allegations against them, much less convey coherent sentences.

In addition to the aforementioned factors, the court is well aware of plaintiff's history as an abusive litigant. As of the date plaintiff filed the instant complaint, he was already subject to numerous bar orders and filing injunctions in the Southern District of New York, District of Connecticut, and Southern District of Ohio. *See, e.g., Johnson v. Wolf*, 1:19-CV-07337 (S.D.N.Y.) (filed 07/12/20); *Johnson v. New York Police Dep't*, 1:20-CV-01368 (S.D.N.Y.) (filed 08/13/20); *Johnson v. Town of Onondaga*, 1:19-CV-11128 (S.D.N.Y.) (filed 04/01/21); *Johnson v. Vera House, Inc.*, 3:22-CV-00314 (D. Conn.) (filed 3/18/22); *Johnson v. Coe*, 2:19-CV-02428, 2:19-CV-02490, 2:19-CV-02865 (S.D. Ohio) (filed 08/5/2019); (deeming Plaintiff a "vexatious" litigant and barring him from filing new pro se actions without prior leave of court).

In addition, plaintiff has been warned by the Second Circuit that the continued filing of frivolous appeals in that venue could result in a filing injunction. *See Johnson v. Wolfe*, 19-3891, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020) ("Appellant has filed several frivolous matters in this Court, including his appeals docketed under 2d Cir. 19-1688, 19-2174, 19-2235, 19-3657, 19-3889, 19-3891, and 19-4062. Appellant has previously been warned against filing new frivolous appeals. See 2d Cir. 19-4062, doc. 22; 2d Cir. 19-3889, doc. 49. Accordingly, Appellant is warned that the continued filing

of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction).").

Plaintiff's abusive litigation tactics have also since been recognized and addressed in this district. On May 6, 2022, Chief District Judge Glenn T. Suddaby of the Northern District of New York issued an order to show cause, directing the plaintiff to show why he should not be enjoined from filing any future pleadings or documents in this district pro se, without prior permission to do so. *See In re Johnson*, No. 5:22-PF-0003 (GTS), 2022 WL 1443311, at *4 (N.D.N.Y. May 6, 2022). The order to show cause was issued in response to plaintiff filing forty-five pro se civil rights actions in this district in a period of only ten days, between April 26, 2022 and May 5, 2022. *Id.* at *2. Instead of properly responding to the order to show cause, plaintiff subsequently filed another twenty-two "similarly questionable civil actions pro se." *See In re Johnson*, No. 5:22-PF-0003 (GTS), 2022 WL 1597718, at *1 (N.D.N.Y. May 19, 2022) (listing new actions). One of those "questionable" civil actions is the complaint currently pending before this court on initial review. *Id.* On May 19, 2022, Judge Suddaby permanently enjoined plaintiff from filing any pleadings or documents as a pro se plaintiff in this district without prior permission.[5] *Id.* at *1.

Short of deciding plaintiff's action on the merits, the court recommends that the complaint be dismissed because venue is improper and plaintiff's allegations are

---

[5]The pre-filing order is not applicable to cases that were already open at the time of its issuance, which includes the instant action. *In re Johnson,* 2022 WL 1597718, at *1.

8

frivolous. Transferring this case pursuant to § 1406(a) would not serve any discernable interests of justice, and this court declines to recommend any further action that would encourage further vexatious litigation on the part of the plaintiff.

## IV. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

Because dismissal is warranted based on improper venue under § 1406(a), the district court should dismiss plaintiff's complaint without prejudice. However, plaintiff is now subject to pre-filing injunctions in multiple districts, including the Northern District, and has been warned of the same consequence by the Second Circuit. In light of plaintiff's abusive litigation history, and considering the frivolous nature of the instant complaint, this court recommends denying plaintiff leave to amend.

## V. Motion for Default Judgment

Two days after filing the instant action, plaintiff filed a letter motion seeking default judgment on the merits of his complaint. (Dkt. No. 4). Because the court is

recommending the complaint be dismissed, plaintiff's motion for default judgment is moot and should be denied.

Even if the court were not recommending dismissal of the complaint, plaintiff's motion for default judgment is procedurally improper, and premature. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default." Fed. R. Civ, P. 55(a). "A motion for default judgment should not be filed unless and until service has been directed by this Court and completed, and one or more defendants has failed to timely respond to the operative pleading in accordance with the Federal Rules of Civil Procedure." *Anthony v. New York*, No. 9:18-CV-0849 (GLS/CFH), 2019 WL 111041, at *4 n. 4 (N.D.N.Y. Jan. 4, 2019). Here, plaintiff filed a motion for default judgment before his IFP application was addressed, and before any defendant was served with the summons and complaint, or otherwise waived service. *See* Fed.R.Civ.P. 12(a)(1).

Plaintiff's motion for default judgment is yet another example of his abusive litigation tactics and callous disregard for the requirements imposed under the Federal Rules of Civil Procedure. For these reasons as well as those previously set forth, the court recommends that plaintiff's motion for default judgment be denied.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**

10

**BUT WITHOUT LEAVE TO AMEND**, and it is

**RECOMMENDED,** that plaintiff's motion for default judgment (Dkt. No. 4) be **DENIED**, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 21, 2022

Andrew T. Baxter
U.S. Magistrate Judge