UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT JOHNSON,

                Plaintiff,

-against-                                          5:22-CV-0474 (LEK/ATB)

JERRY AULT, *et al.*,

                Defendants.

**DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Robert Johnson commenced this action *pro se* on May 9, 2022, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the "Mansfield Municipal Court" in Ohio, two judges at the Mansfield Municipal Court, a clerk at the Mansfield Municipal Court, two other individuals with addresses given as that of the Mansfield Municipal Court, and the State of Ohio. Dkt. No. 1 ("Complaint") at 1–3. On May 11, 2022, Plaintiff moved for default judgment. Dkt. No. 4.

Now before the Court is a report and recommendation issued by the Honorable Andrew T. Baxter after initial review of the Complaint pursuant to 28 U.S.C. § 1915 recommending that the motion for default be dismissed and the Complaint be dismissed without leave to replead. Dkt. No. 6 ("Report-Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation in its entirety.

II.    **BACKGROUND**

    **A. Factual Allegations**

Plaintiff's Complaint stems from charges against him for "traffic violations" allegedly pressed without probable cause, as well as allegedly false charges for "petit larceny for alleged currency crimes." See Compl. at 5. These allegations are detailed in the Report-Recommendation, familiarity with which is assumed. R. & R. at 2–3.

    **B. The Report-Recommendation**

After reviewing the Complaint, Judge Baxter found that Plaintiff's claims were "patently frivolous." Id. at 4. Two of the defendants, Ault and Ardis, are presiding judges in the Mansfield Municipal Court. Id. Defendant Smith is a Mansfield Municipal Court clerk. As such, because Plaintiff's claims again these defendants "concern acts taken in their judicial capacities," Judge Baxter found judicial immunity prevented claims from being brought against the three of them. Id. at 5. Similarly, Judge Baxter found Plaintiff's claims against the State of Ohio and the Mansfield Municipal Court were subject to dismissal under Eleventh Amendment sovereign immunity. Id. 5–6.

Regarding all defendants—the five entitled to immunity as well as the other two individuals—Judge Baxter found that "plaintiff's nonsensical allegations and conclusory claims" were insufficient to meet the requirements of Federal Rule of Civil Procedure 8 and thus did not establish any cognizable causes of action. Id. at 6–7.

Further, Judge Baxter observed that Plaintiff had been deemed a vexatious litigant and had been barred from filing new pro se actions, or warned about filing frivolous actions, in several other courts including district courts for the Southern District of New York, District of Connecticut, Southern District of Ohio, and the Second Circuit Court of Appeals. Id. at 7. Judge Baxter found that this year, in the Northern District of New York alone, Plaintiff has filed 67 *pro*

*se* civil actions, and has been permanently enjoined from filing new *pro se* matters in this district without prior permission. Id. at 8.

Due to Plaintiff's multiple filing injunctions and abusive litigation history, Judge Baxter recommended dismissing Plaintiff's Complaint with prejudice and without opportunity to amend. Id. at 9.

Finally, Judge Baxter recommended dismissing Plaintiff's motion for default judgment as moot and procedurally improper. Id. at 10.

### III.  STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See, e.g., Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

3

**IV.   DISCUSSION**

Neither party filed objections to the Report-Recommendation. See generally Dkt. The Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

**V.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 6) is **APPROVED and ADOPTED**; and it is further

**ORDERED**, the Complaint (Dkt. No 1) be dismissed in its entirety without leave to amend; and it is further

**ORDERED**, Plaintiff's motion for default (Dkt. No 4) be dismissed; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 21, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge